**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

---

STEPHANIE LYNN SLOMINSKI,

                     Plaintiff,

      v.                                               No. 1:18-CV-932
                                                         (GLS/CFH)

NYS OFFICE OF MENTAL HEALTH;
WENDY FOX,

                     Defendants.

---

**APPEARANCES:**

Stephanie Lynn Slominski
22 Hanover Drive
Delmar, New York 12054
Plaintiff pro se

**CHRISTIAN F. HUMMEL
U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

      Presently pending before the Court is a review of plaintiff pro se's Complaint pursuant to 42 U.S.C. § 1915. Dkt. No. 1 ("Compl."). Plaintiff initially filed an application to proceed in forma pauperis ("IFP"). Dkt. No. 2. On October 30, 2018, the Court concluded that plaintiff did not qualify to proceed IFP and administratively closed the case, providing plaintiff an opportunity to comply with the filing fee requirement. Dkt. No. 4. Plaintiff paid the filing fee on November 9, 2018, and the Court restored the case to the Court's active docket. Dkt. Nos. 5, 6. Although plaintiff has now paid the filing fee, the Court has a right to review plaintiff's complaint sua sponte. See 28 U.S.C. §1915(e)(2)(B) (stating that the Court may dismiss a complaint "at any time" if the Court

determines that complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."); see also Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362, 363-64 (2d Cir. 2000) (explaining a district court has inherent power to dismiss a case sua sponte if it determines that the action is frivolous or the court lacks jurisdiction over the matter, even if plaintiff has already paid filing fee).

## I. Legal Standard

It is a court's responsibility to determine that a plaintiff may properly maintain her complaint before permitting her to proceed with her action.  As plaintiff is representing herself, the court must afford plaintiff special solicitude; thus, it is to consider her claims "liberally" and "interpret them 'to raise the strongest arguments that they suggest.'" Cold Stone Creamery, Inc. v. Gorman, 361 F. App'x 282, 286 (2d Cir. 2010) (summary order) (quoting Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006)).  Pleading guidelines are set forth in the Federal Rules of Civil Procedure.  Specifically, Rule 8 provides that a pleading which sets forth a claim for relief shall contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." See FED. R. CIV. P. 8(a)(2).  "The purpose . . . is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, prepare an adequate defense and determine whether the doctrine of res judicata is applicable." Flores v. Graphtex, 189 F.R.D. 54, 54 (N.D.N.Y. 1999) (internal quotation marks and citations omitted).  Rule 8 also requires the pleading to include:

2

> (1) a short and plain statement of the grounds for
> the court's jurisdiction . . .;
> (2) a short and plain statement of the claim
> showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought . . . .

FED. R. CIV. P. 8(a).  Although "[n]o technical form is required," the Federal Rules make clear that each allegation contained in the pleading "must be simple, concise, and direct."  Id. at 8(d).

Further, Rule 10 of the Federal Rules provides in pertinent part that:

> [a] party must state its claims or defenses in numbered
> paragraphs, each limited as far as practicable to a single set
> of circumstances.  A later pleading may refer by number to a
> paragraph in an earlier pleading.  If doing so would promote
> clarity, each claim founded on a separate transaction or
> occurrence – and each defense other than a denial – must
> be stated in a separate count or defense.

FED. R. CIV. P. 10(b).  This serves the purpose of "provid[ing] an easy mode of identification for referring to a particular paragraph in a prior pleading[.]"  Flores, 189 F.R.D. at 54 (internal quotation marks and citations omitted).  A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims."  Gonzales v. Wing, 167 F.R.D. 352, 355 (N.D.N.Y. 1996).  As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint."  Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted).   However, "[d]ismissal . . . is usually reserved for

3

those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. (citations omitted). In such cases of dismissal, particularly when reviewing a pro se complaint, the court generally affords the plaintiff leave to amend the complaint. Simmons v. Abruzzo, 49 F.3d 83, 86-87 (2d Cir. 1995). A court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted).

## II. Plaintiff's Complaint

Plaintiff seeks to bring this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000, et seq., and the New York State Human Rights Law ("NYSHRL") N.Y. Exec. Law § 296, et seq. Compl. at 3. Plaintiff contends that she was discriminated against by her former employer, the New York State Office of Mental Health, where she worked from March 2015 until October 2015. Compl. at 4. She contends that she was terminated from her employment and retaliated against because she is a transgender female. Id. Plaintiff provides an Equal Employment Opportunity Commission ("EEOC") right to sue letter which is date stamped May 11, 2018. Id. at 13. Plaintiff also provides a "Determination" letter which is date stamped September 27, 2018. Id. at 12.

4

Plaintiff provides that defendant Wendy Fox "was the highest-ranking person employed by NYS Office of Mental Health Bureau of Audit, and had the ability to make decisions as to the hiring and firing of employees." Compl. at 7. After plaintiff filed a gender discrimination complaint with the EEOC, "and subsequently a second charge of discrimination and retaliation against defendants," "NYS Office of Mental Health and Wendy Fox engaged in discriminatory conduct towards Ms. Slominski based on her gender, sex and sex stereotypes." Id. at 8. Plaintiff contends that, after receiving satisfactory performance reviews previously, plaintiff received an unsatisfactory review and a termination notice, which came "in close proximity to the completion of Ms. Slominski's gender transition. Id. Defendants also refused to complete an "Experience Verification Form" such that plaintiff could take a test to become a Certified Internal Auditor. Id. Plaintiff contends that defendants' actions were due to her gender and sex, and violated Title VII. Id. Plaintiff demands, back pay, front pay, benefits, compensatory damages, punitive damages, attorneys' fees, costs, and interest. Id. at 6.

### III.  Discussion

### A.  Title VII

Insofar as plaintiff seeks to sue defendant Wendy Fox under Title VII, plaintiff cannot proceed. It is well settled that "[O]nly employers, not individual defendants, are subject to suit under Title VII." Tomka v. Seilier Corp., 66 F.3d 1295, 1313 (2d Cir. 1995); see also Turner v. Olympic Regional Dev. Auth., 89 F. Supp.2d 241 (N.D.N.Y. 2000). Accordingly, it is recommended that the Title VII claim against Wendy Fox be

5

dismissed with prejudice. However, plaintiff's Title VII discrimination claims against NYS Office of Mental Health should be permitted to proceed. See Fabian v. Hosp. of Cent. Conn., 172 F. Supp.3d 509, 527 (D. Conn. 2016) (concluding that Title VII's "because of sex" definition includes discrimination on basis of gender identity); see also 9 NYCRR § 466.13 (Jan. 2016).

### B.  New York State Human Rights Law

Plaintiff's claim NYSHRL claim against NYS Office of Mental Health must be dismissed with prejudice as the NYS Office of Mental Health is a state agency and New York State has not consented to suit in federal court; thus, plaintiff's claims for money damages pursuant to the NYSHRL is barred under Eleventh Amendment immunity.[1]  "It is well-established that the Eleventh Amendment bars actions against states and state agencies."  Hamzik v. Office for People with Developmental Disabilities, 859 F. Supp. 2d 265, 275 (N.D.N.Y. 2012) (citation omitted).  "This immunity 'extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state.'"  Id. (citation omitted).  "'New York has not waived its Eleventh Amendment immunity for NYSHRL suits in federal courts.'"  Panagopolous v. New York State Dept. of Transp., 172 F. Supp.3d 597 (N.D.N.Y. 2016) (quoting Quadir v. New York State Dep't of Labor, 39 F. Supp.3d 528, 537-38 (S.D.N.Y. 2014)).

Similarly, plaintiff cannot proceed on her NYSHRL claim against Ms. Fox in her official capacity because "insofar as [the plaintiff] is suing the individual defendant[] . . .

---

[1] It does not appear that plaintiff is requesting any injunctive relief.  See generally Compl.

6

in [her] official capacit[y], [s]he is seeking damages from New York, and the Eleventh Amendment therefore shields [the individual defendant] to the same extent that it shields [the state defendant]." Garcia v. S.U.N.Y. Health Sciences Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001).  However, Eleventh Amendment does not bar any claim brought under the NYSHRL against the individual defendant in her personal capacity. See, e.g., Fanelli v. New York, 51 F. Supp. 3d 219, 233 (E.D.N.Y. 2014).  To bring claims against an individual defendant in her personal capacity under the NYSHRL, the plaintiff must show that the defendant has an "ownership interest or power to do more than carry out personnel decisions made by others." Id. at 234.  Plaintiff pleads that Ms. Fox has such power.  Compl. at 7 (stating that Ms. Fox "was the highest-ranking person employed by NYS Office of Mental Health Bureau of Audit, and had the ability to make decisions as to the hiring and firing of employees.").  Further, plaintiff alleges that Ms. Fox "actually participated" in the alleged discriminatory conduct. Feingold v. New York, 366 F.3d 138, 157 (2d Cir. 2004) (quoting Tomka, 66 F.3d at 1317) ("A supervisor is an 'employer' for purposes of establishing liability under the NYSHRL if that supervisor 'actually participates in the conduct giving rise to [the] discrimination.'").  Thus, itplaintiff's NYSHRL claim should be permitted to proceed against Ms. Fox in her individual capacity, but it is recommended that her NYSHRL claims against the NYS Office of Mental Health and against Ms. Fox in her official capacity be dismissed with prejudice.

**C.  Damages**

7

Insofar as plaintiff seeks punitive damages under the NYSHRL, this demand must be dismissed with prejudice because the NYSHRL "'does not provide for punitive damages.'" Barrella v. Vill. of Freeport, 43 F. Supp.3d 136, 188 (E.D.N.Y. 2014) (citing Syrnik v. Polones Const. Corp., 918 F. Supp. 2d 262, 265 (S.D.N.Y. 2013)).  Insofar as plaintiff seeks punitive damages under Title VII against the NYS Office of Mental Health, as the NYS Office of Mental Health is a governmental entity and punitive damages are not available against the state or its agencies under Title VII.  See, e.g., Gomez v. Stonybrook Univ., CV 14-7219, 2016 WL 1039539, at *15 (E.D.N.Y. Jan. 28, 2016).[2]  Accordingly, it is recommended that plaintiff's claim for punitive damages against the NYS Office of Mental Health under both Title VII and the NYSHRL be dismissed with prejudice.

### IV.  Conclusion

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's Title VII claim against Wendy Fox be **dismissed with prejudice**; and it is further

**RECOMMENDED**, that plaintiff's New York State Human Rights Law claim against NYS Office of Mental Health be **dismissed with prejudice**; and it is further

**RECOMMENDED**, that plaintiff's New York State Human Rights Law claim be **dismissed with prejudice** against Wendy Fox in her official capacity; and it is further

---

[2] Any unpublished cases cited within this Report-Recommendation & Order have been provided to plaintiff unless otherwise noted.

8

**RECOMMENDED**, that plaintiff's demand for punitive damages under the NYSHRL against both defendants be **dismissed with prejudice**; and it is further

**RECOMMENDED**, that plaintiff's demand for punitive damages under Title VII against the NYS Office of Mental Health be **dismissed with prejudice**; and it is

**ORDERED,** that if the District Judge approves this Report-Recommendation and Order, the Clerk of the Court return this case to the Magistrate Judge for issuance of summonses on the remaining claims.

Pursuant to 28 U.S.C. § 636(b)(1), parties may lodge written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D. L.R. 72.1(c) (citing 28 U.S.C. §636(b)(1)(B)-(C)).  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(e).[3]

Dated: December 6, 2018
Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge

---

[3]  If you are proceeding pro se and are served with this Order by mail, three (3) additional days will be added to the fourteen (14) day period, meaning that you have seventeen (17) days from the date the Order was mailed to you to serve and file objections.  FED. R. CIV. P. 6(d).  If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Id. § 6(a)(1)(c).